**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY
AUG 2 0 2026
FILED ENTERED
LOGGED RECEIVED

ANTONIO SHROPSHIRE
Plaintiff,

v. Civil Action No. 1:25-cv-02342-ABA

HOME BOX OFFICE, INC., et al.,
Defendants.

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Plaintiff Antonio Shropshire respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the Court's July 28, 2026 Memorandum Opinion and Order (ECF No. 30). Reconsideration is warranted because the Memorandum Opinion resolved disputed factual questions at the Rule 12(b)(6) stage and did not complete the two-step substantial-similarity analysis required by controlling Fourth Circuit copyright precedent. Plaintiff seeks reconsideration only as to the dismissal of Count II (Copyright Infringement).[1] Plaintiff does not challenge the Court's decision declining supplemental jurisdiction over the remaining Maryland state-law claims pursuant to 28 U.S.C. § 1367(c)(3). This motion is timely filed within 28 days under Fed. R. Civ. P. 59(e).

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a district court to alter or amend a judgment where necessary to: (1) accommodate an intervening change in controlling law; (2) account for

[1] Defendants argued at ECF 18-1 at 6 that Plaintiff failed to allege registration. That defect, if any, was cured. Amended Complaint ¶59 alleged ownership under 17 U.S.C. §101, and Opposition supplied registration TX 9-521-327 effective June 18, 2025, before suit filed July 2025, see Doc. 20 at 1, Ex. 18.

newly discovered evidence; or (3) correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59(e) is not intended to permit a party merely to relitigate issues previously decided. Although reconsideration is an extraordinary remedy, it is appropriate where the Court overlooked controlling legal authority, misunderstood the nature of the claims presented, or applied the incorrect legal standard in dismissing a complaint at the pleading stage. See *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 407 (4th Cir. 2010).

## A. THE COURT STOPPED AFTER FILTRATION AND DID NOT PERFORM THE SECOND STEP REQUIRED BY *BRAMMER*

Plaintiff respectfully submits that the Court committed clear error by stopping after the first step of the Fourth Circuit's substantial-similarity analysis. *Brammer* requires courts to filter unprotectable facts and then compare the remaining protectable expression for substantial similarity. *Brammer v. Violent Hues Prods*., LLC, 922 F.3d 255, 266–67 (4th Cir. 2019); *Copeland v. Bieber*, 789 F.3d 484, 488–90 (4th Cir. 2015).

The Memorandum Opinion identified the underlying factual material as unprotectable but did not compare the remaining expression, Plaintiff alleged HBO copied, including dialogue, sequencing, and arrangement. ECF No. 30 at 7–11; see ECF No. 4-1 at 7–10, ¶¶ 33–43; ECF No. 17 ¶¶ 29–47. One allegation illustrates the omitted analysis.

In Plaintiff's memoir, Plaintiff wrote that someone "cooked up 62 grams," paid him for those grams, and "gave me the rest back." HBO later depicted the same return-for-quality narrative in Episode 6: "somebody complained and handed it back to me." Plaintiff alleged that this narrative appeared in his memoir but not the criminal trial record.

The issue was therefore not whether Plaintiff could copyright the fact that narcotics were returned. But after filtering that fact, *Brammer* required consideration of whether the remaining expressive presentation was protectable and substantially similar. The Memorandum Opinion did not undertake that comparison.

At the Rule 12(b)(6) stage, Plaintiff's well-pleaded allegations and reasonable inferences must be construed in his favor. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Because Plaintiff expressly argued that he did "not claim copyright in facts," but in his "original expression, dialogue, sequencing, and reflective narrative," ECF No. 20 at 6, and the Amended Complaint alleged the corresponding expressive similarities, see ECF No. 17 ¶¶ 29–47, stopping at filtration left the *Brammer* analysis incomplete. See *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

**B. IN THE ALTERNATIVE, THE COURT SHOULD GRANT LEAVE TO AMEND TO PREVENT MANIFEST INJUSTICE**

Alternatively, if the Court concludes that the First Amended Complaint did not identify the protectable expression with sufficient specificity, Plaintiff respectfully requests leave to amend. Rule 15(a)(2) directs courts to freely give leave when justice so requires, and leave should be denied only for prejudice, bad faith, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Defendants' opening memorandum argued generally that Plaintiff sought protection for historical facts. ECF No. 18-1 at 6. Their Reply, however, specifically characterized Plaintiff's "62 grams" allegation as merely the unprotectable "fact that there was yellow heroin in his

neighborhood." ECF No. 22 at 8–10. The Memorandum Opinion relied upon that characterization. ECF No. 30 at 8.

Because that specific characterization first appeared in Defendants' Reply, Plaintiff had no opportunity to respond before the Court relied upon it in dismissing Count II. See Local Rule 105.2(c). At minimum, fundamental fairness favors permitting Plaintiff to amend to clarify that his claim concerns the alleged copying of original expression, not ownership of the underlying historical fact.

If greater specificity is required, Plaintiff can amend to identify separately the unprotectable factual material and the remaining protectable dialogue, sequencing, and arrangement alleged to have been copied. Plaintiff therefore respectfully requests leave to file a Second Amended Complaint within fourteen (14) days rather than dismissal of Count II with prejudice.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court alter or amend its July 28, 2026 Order and Judgment, ECF No. 30; vacate the dismissal of Count II; and reinstate Count II for further proceedings. Alternatively, if the Court determines that the First Amended Complaint does not sufficiently identify protectable expression, Plaintiff respectfully requests leave under Rule 15(a)(2) to file a Second Amended Complaint within fourteen days.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2026, I caused a true and correct copy of the foregoing Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) to be served via email, upon counsel for Defendants.

Stephanie S. Abrutyn
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006

Respectfully Submitted
Antonio Shropshire